REDACTED

(3)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 08-28 |
| DAVID P. RAHN, | ) |
| Defendant. | ) |

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

## COUNT ONE

### Introduction

1. In 2004 and 2005, the defendant, David P. Rahn, controlled checking account number XXXXXX3591, an account held at the First National Bank of North East ("the First National Bank account"). In 2006, at the defendant's direction, M.R. opened checking account number XXXXX0934 at the People's Bank of Oxford ("the People's Bank account").

### Scheme and Artifice to Defraud

2. Starting in or about August 2004, the defendant, David P. Rahn, did devise and intend to devise a scheme and artifice to defraud various individuals and to obtain money and property by means of false and fraudulent pretenses and representations.

3. As part of this scheme and artifice to defraud, between on or about August 2004 and on or about January 2008, the defendant approached various individuals ("the investors") and asked them to invest money with him. The defendant falsely and fraudulently told these investors that he, either alone or with other individuals, would soon be purchasing parcels of land and/or business entities, and that he planned to sell those properties or businesses quickly for a profit. The defendant promised these

investors that if they invested money with him to help him make these purchases, he would soon after return to them the amount of money they had invested, plus an additional amount of money in profit, by certain dates after the date of the investments. Relying upon the defendant's misrepresentations, the investors then provided the defendant with checks to be used to invest in these transactions.

4. After the investors did not receive the payments that they had been promised, they each contacted the defendant, seeking payment. In response, it was further part of the scheme that the defendant either failed to provide the investors with any payment at all, or knowingly provided the investors with fraudulent checks drawn on either the First National Bank account or the People's Bank account. The checks from these two accounts were fraudulent, in that the accounts on which they were written contained insufficient funds to cover the amounts for which they were written. As a result, when the investors deposited the checks, they discovered that the checks were worthless and were unable to be cashed.

5a. It was a further part of the scheme that, in or around August 2004 through December 2004, the defendant fraudulently induced R.D. to invest in a purported land development deal. The defendant promised R.D. that he would pay R.D. back his investment plus a profit. In December 2004 and again in January 2005, the defendant presented R.D. with a check drawn on the First National Bank account in an amount equaling the promised return on R.D.'s investment. After receiving each check, R.D. deposited it, but both times, the checks were returned to R.D. due to the fact that there was insufficient funds in the First National Bank account.

5b. It was further part of the scheme that, in or around September 2004 and October 2004, the defendant fraudulently induced J.B. to invest in a purported land development deal. The defendant promised J.B. that he would pay J.B. back his investment plus a profit by December 2004. In October 2004 and in December 2004, the defendant presented J.B. with four checks drawn on the First National

Bank account in an amount equaling J.B.'s investment plus a profit; when J.B. attempted to deposit three of these four checks in December 2004, they were returned to him due to the fact that there was insufficient funds in the First National Bank account.

5c. It was further part of the scheme that in or around November 2004, the defendant fraudulently induced W.H. and J.H. to invest in a purported project regarding the purchase and subsequent sale of small businesses. The defendant promised W.H. that he would pay W.H. and J.H. back this investment plus a profit by sometime after January 2005. In March 2005, the defendant sent W.H. a check drawn on the First National Bank account in an amount equaling the initial investment, plus a profit; however, after W.H. deposited the check, it was returned due to the fact that there was insufficient funds in the First National Bank account.

5d. It was further part of the scheme that in or around June 2006, the defendant fraudulently induced K.D. to invest in a purported land development deal. The defendant promised K.D. that he would pay K.D. back his investment plus a profit by September 2006. In October 2006 and again in November 2006, the defendant presented K.D. with a check drawn on the People's Bank account as re-payment for K.D.'s investment, but both times, after K.D. deposited the checks, they were returned to K.D. due to the fact that there was insufficient funds in the People's Bank account.

5e. It was further part of the scheme that in or around September 2006, the defendant fraudulently induced K.M. to invest in a purported land development deal. The defendant promised K.M. that he would pay K.M. back his investment plus a profit by November 2006. In December 2006, the defendant presented K.M. with a check drawn on the People's Bank account in an amount equaling the initial investment, plus a profit, but after K.M. deposited the check, it was returned to K.M. due to the fact that there was insufficient funds in the People's Bank account.

5f. It was further part of the scheme that in or around September 2006, the defendant fraudulently induced M.D. to invest in a purported land development deal. The defendant promised M.D. that he would pay M.D. back his investment plus a profit by January 2007. In December 2006, the defendant presented M.D. with a check drawn on the People's Bank account in an amount equaling the initial investment, plus a profit, but after M.D. deposited the check, it was returned due to the fact that there was insufficient funds in the People's Bank account.

5g. It was further part of the scheme that in or around July 2007, the defendant fraudulently induced M.T. to invest in a purported land development deal. The defendant promised M.T. that he would pay M.T. back his investment plus a profit in January 2008, but did not do so.

### Charging Paragraph

6. On or about November 4, 2004, in the District of Delaware and elsewhere, having devised and intending to devise the scheme and artifice to defraud described in paragraphs 2 through 5 above, incorporated herein by reference, and for obtaining money and property by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice to defraud, the defendant, David P. Rahn, did knowingly cause to be sent by mail a letter, sent in Delaware by W.H. to the defendant in Landenberg, Pennsylvania, containing two checks, each written in the amount of $5,000, in violation of Title 18, United States Code, Section 1341.

### COUNT TWO

7. On or about November 24, 2004, in the District of Delaware and elsewhere, having devised and intending to devise the scheme and artifice to defraud described in paragraphs 2 through 5 above, incorporated herein by reference, and for obtaining money and property by means of false and fraudulent pretenses and representations, for the purpose of executing such scheme and artifice to defraud, the

defendant, David P. Rahn, did knowingly cause to be sent and sent by mail a letter to W.H. in Fenwick Island, Delaware, in violation of Title 18, United States Code, Section 1341.

## COUNTS THREE THROUGH ELEVEN

### Introduction

8. On or about the dates set forth below, in the District of Delaware and elsewhere, the defendant, David P. Rahn, transported and caused to be transported in interstate commerce the following securities, to wit, checks, of a value of $5,000 or more, corresponding to the following counts of the Indictment, knowing the same to have been taken by fraud, as described more fully in paragraphs 2 through 5 above, incorporated herein by reference, each in violation of Title 18, United States Code, Sections 2314:

| Count  | Payor       | Check No. | Amount      | Date of Check       |
| ------ | ----------- | --------- | ----------- | ------------------- |
| Three  | R.D.        | 1013      | $6,000.00   | August 5, 2004      |
| Four   | J.H.        | 2245      | $5,000.00   | November 4, 2004    |
| Five   | W.H. & J.H. | 1852      | $5,000.00   | November 4, 2004    |
| Six    | M.D. & S.D. | 3932      | $10,000.00  | September 8, 2006   |
| Seven  | M.D. & S.D. | 1009      | $30,000.00  | September 10, 2006  |
| Eight  | K.M.        | 2307      | $5,000.00   | September 12, 2006  |
| Nine   | S--, LLC    | 5022      | $10,000.00  | October 10, 2006    |
| Ten    | M.T.        | 1651      | $5,000.00   | July 23, 2007       |
| Eleven | M.T.        | 1655      | $10,000.00  | July 23, 2007       |

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
United States Attorney

BY: *Christopher J. Burke*
Christopher J. Burke
Assistant United States Attorney

Dated: February 14, 2008