*Filed in Open Court 5/21/08 NMF*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                )<br>            Plaintiff,                                      )<br>                                                                )<br>    v.                                                         )    Criminal Action No. 08-28-SLR<br>                                                                )<br>DAVID P. RAHN,                                      )<br>                                                                )<br>            Defendant.                                 ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke, Assistant United States Attorney, and Edson A. Bostic, Esq., attorney for the defendant, David P. Rahn, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Counts One and Two of the Indictment. Counts One and Two charge the defendant with mail fraud, in violation of Title 18, United States Code, Section 1341. The maximum penalties for each of these offenses are thirty years imprisonment, 5 years supervised release, a $1,000,000 fine, and a $100 special assessment.

2. The defendant understands that if he were to proceed to trial on Counts One and Two, the government would have to prove each of the following elements of the offense of mail fraud beyond a reasonable doubt with respect to each of those Counts: (1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) that the defendant caused the use of the U.S. mails in furtherance of the scheme.

3. At the time of sentencing, the government agrees to move to dismiss Counts Three through Eleven of the Indictment.

4. The defendant knowingly, voluntarily, and intelligently admits that starting in or about 2002, he devised and intended to devise a scheme and artifice to defraud various individuals and to obtain money and property by means of false and fraudulent pretenses and representations. The defendant admits that as part of this scheme and artifice to defraud, between on or about 2002 and on or about January 2008, he approached various individuals ("the investors") and asked them to invest money with him. He then falsely and fraudulently told these investors that he, either alone or with other individuals, would soon be purchasing parcels of land and/or business entities, and that he planned to sell those properties or businesses quickly for a profit. The defendant promised these investors that if they invested money with him to help him make these purchases, he would soon after return to them the amount of money they had invested, plus an additional amount of money in profit, by certain dates after the date of the investments. The defendant admits that these promises were fraudulent, as in reality, no such investment deals ever existed. The defendant further admits that as an additional part of the scheme, he later either failed to provide these investors with any payment at all, or knowingly provided them with fraudulent checks drawn on bank accounts that the defendant controlled. He admits that the checks from these accounts were fraudulent, in that the accounts on which they were written contained insufficient funds to cover the amounts for which they were written. As a result, when the investors deposited the checks, they discovered that the checks were worthless and were unable to be cashed. The defendant also admits that for the purpose of executing the above-referenced scheme, he: (1) did knowingly cause to be sent by mail a letter, sent in

Delaware by W.H. to the defendant in Landenberg, Pennsylvania, containing two checks, each written in the amount of $5,000, on November 4, 2004 and (2) did knowingly cause to be sent and sent by mail a letter to W.H. in Fenwick Island, Delaware, on November 24, 2004.

5. The defendant admits that among those he victimized through his execution of the above-referenced scheme were R.D., J.B., W.H & J.H., K.D., K.M., M.D., M.D., M.T., M.R., C.D., S.D., and C.M. The defendant acknowledges that each of these victims are currently owed restitution, due to the defendant's actions in carrying out the above-referenced scheme.

6. Based on information available to the government as of the date of this memorandum, including information provided by the defendant, the government and defendant stipulate that for purposes of U.S.S.G. § 2B1.1(b)(1) the loss involved in the instant offenses, including relevant conduct as defined in U.S.S.G. § 1B1.3, is more than $200,000 and less than $400,000. The parties also stipulate that for purposes of U.S.S.G. § 2B1.1(b)(2), the offenses involved more than 10 victims but fewer than 50 victims. The government reserves the right to withdraw these stipulations if, prior to the sentencing hearing in this case, it discovers that there are additional financial losses or additional victims – other than those known to the government as of the date of this memorandum – that can be considered under the Sentencing Guideline provisions discussed in this paragraph. Defendant understands that if the government exercises the right described in the preceding sentence, defendant still may not withdraw his guilty plea.

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's guilty plea, the government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. Further, if it is determined by the Court that the defendant's Offense Level, prior to the

application of the aforementioned two-level reduction, is Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

8. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. The defendant agrees to pay the $200 special assessment at the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

11. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____    BY:    _____
Edson A. Bostic, Esq.                           Christopher J. Burke
Attorney for Defendant                          Assistant United States Attorney

_____
David P. Rahn
Defendant

Dated: May 21, 2008

AND NOW this 21st day of May, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
The Honorable Sue L. Robinson
United States District Judge

5